IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE GAY,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>SGT. LORI, *et al.*　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　) | Civil Action No. 3:20-cv-85<br>Judge Stephanie L. Haines<br>Magistrate Judge Lisa Pupo Lenihan |

## **MEMORANDUM ORDER**

Plaintiff Andre Gay ("Plaintiff"), a prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") and confined at State Correctional Institute-Greene ("SCI-Greene"), filed this civil rights action against officials at SCI-Greene and State Correctional Institution-Laurel Highlands ("SCI-Laurel Highlands"). This matter was referred to Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636, and Local Civil Rule 72.

Plaintiff's Amended Complaint (ECF No. 25) is the operative complaint in this matter. In his Amended Complaint (ECF No. 25), Plaintiff alleges that Defendants Sgt. Lori, Corrections Officer ("C/O") Miller, C/O Orbash, and John Does Nos. 1-9 violated his rights under the Eighth and Fourteenth Amendments in connection with a fall that he sustained on December 12, 2017. On February 16, 2021, Plaintiff requested that this matter be stayed, stating he had no access to the law library or his legal materials (ECF No. 33), and Magistrate Judge Lenihan granted Plaintiff's request and administratively closed this case on February 19, 2021 (ECF No. 34). However, on the same date Magistrate Judge Lenihan ordered the case to be administratively closed, Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 37).

1

Magistrate Judge Lenihan then advised Plaintiff that filing of a second amended complaint would re-open the case (ECF No. 38), and Plaintiff subsequently filed a motion for clarification (ECF No. 39) indicating he wished the case to remain in abeyance until further notice. Magistrate Judge Lenihan then granted Plaintiff's requested relief and ordered the case would remain administratively closed (ECF No. 41).

Though the case remains administratively closed as no party has sought to reopen it, on September 29, 2021, Plaintiff filed a Motion for Temporary Restraining Order (ECF No. 54), Declaration in Support of the Motion for Temporary Restraining Order (ECF No. 55), and Memorandum in Support of Motion for TRO and Injunction (ECF No. 56). In his motion and related filings, Plaintiff asks the Court for a temporary restraining order to prohibit prison officials at SCI-Greene from placing him in a double cell and to require officials to reinstate his Z-code status, refund him money that was deducted out of his prison account for meals he refused to eat and medical treatment he refused to receive while he was on a hunger strike, and to return his legal and personal property (ECF Nos. 54-56).

On October 1, 2021, Magistrate Judge Lenihan issued a Report and Recommendation (ECF No. 57) recommending Plaintiff's Motion for Temporary Restraining Order (ECF No. 54) be denied as Plaintiff's allegations in his motion were unrelated to his claims in the Amended Complaint (ECF No. 25), and Plaintiff failed to show he was entitled to injunctive relief. The parties were notified that pursuant to 28 U.S.C.§636 (b)(1)(B) & (C) and Rule 72.D.2 of the Local Rules of Court, Plaintiff had fourteen days from the date of service to file written objections to the Report and Recommendation (ECF No. 57). On October 14, 2021, Plaintiff filed a notice to the Court requesting a postponement of the deadline to file objections, indicating he was under quarantine for at least 14 days as he had tested positive for Covid-19 (ECF No. 58). On October

22, 2021, the Court granted Plaintiff until November 22, 2021 to file any objections (ECF No. 59).

On November 4, 2021, Plaintiff filed his objections (ECF No. 60) as well as a notice advising Plaintiff was no longer in quarantine (ECF No. 61). In his objections (ECF No. 60), Plaintiff contends he has shown he is entitled to injunctive relief on the claims raised in his motion (ECF No. 54).

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, the Report and Recommendation (ECF No. 57) and Plaintiff's objections (ECF No. 60) thereto, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Lenihan in this matter.

Magistrate Judge Lenihan correctly determined Plaintiff failed to show he is entitled to injunctive relief. To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnet v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory

injunctions should be used sparingly. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Additionally, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. § 3626(a)(2).

In this case, Magistrate Judge Lenihan correctly notes Plaintiff's requested relief bears no relationship to his underlying lawsuit, and accordingly, cannot be said to preserve the status quo and prevent irreparable harm until resolution on the merits of the underlying lawsuit. *See Acierno*, 40 F.3d at 647 (3d Cir. 1994) ("A primary purpose of a preliminary injunction is maintenance of the status quo until a decision on the merits of a case is rendered."). Plaintiff himself acknowledges in his objections that the issues he raises in his motion are "supplemental" and occurred subsequent to his filing of the complaint in this matter (ECF No. 60 at p. 4). Plaintiff states these issues are incorporated into this matter because of the "temporal proximity" of these events to his filing of this lawsuit, thereby evidencing Defendants are acting against him in retaliation for filing the lawsuit. However, Plaintiff cannot add a retaliation claim to his lawsuit by filing a motion for a temporary restraining order, and, insofar as Plaintiff now wishes to assert a retaliation claim, he must do so by amendment of his pleadings.

Plaintiff has also failed to show there is an imminent threat of irreparable injury if his requested relief is not granted. Plaintiff seeks an injunction to prohibit prison officials at SCI-Greene from placing him in a double cell and to require officials to reinstate his Z-code security status, refund him money that was deducted out of his prison account for meals he refused to eat and medical treatment he refused to receive while he was on a hunger strike, and to return his legal and personal property. While Plaintiff's objections (ECF No. 60) contain several references to case law on the standard for establishing a right to injunctive relief, Plaintiff has not cited to any

4

specific circumstances to establish how failure to grant the requested relief would result in him suffering irreparable harm. Indeed, Plaintiff's main argument appears to be that he has sufficiently pleaded Defendants have retaliated against him in his Motion for Temporary Restraining Order (ECF No. 54), which as previously stated, is not an appropriate vehicle to add a claim for retaliation to this lawsuit. Moreover, Magistrate Judge Lenihan correctly finds that granting Plaintiff's requested relief would effectively override routine prison administration decisions and "[t]he federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinarily difficult undertaking.'" (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). Plaintiff's objections (ECF No. 60) are unavailing, and Magistrate Judge Lenihan's Report and Recommendation (ECF No. 57) appropriately denied Plaintiff's request for preliminary injunctive relief.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 13th day of December, 2021, IT IS ORDERED that Plaintiff's objections (ECF No. 60) to the Magistrate Judge's Report and Recommendation (ECF No. 57) hereby are OVERRULED; and,

IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 57), which is adopted in whole as the opinion of the Court, that Plaintiff's Motion for Temporary Restraining Order (ECF No. 54) is DENIED.

Stephanie L. Haines
United States District Judge