**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE GAY, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 3:20-cv-00085 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SGT. LORI, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

### A. Procedural History

Plaintiff Andre Gay ("Plaintiff") initiated this *pro se* prisoner civil rights action on April 28, 2020. (ECF No. 1.)  He was granted leave to proceed *in forma pauperis* on April 29, 2020, and his Complaint was docketed on May 4, 2020.  (ECF Nos. 2, 3.)  Plaintiff filed an Amended Complaint on December 22, 2020.  (ECF No. 25.)  On February 16, 2021, he requested that this case be placed in abeyance because he did not have access to the law library.  (ECF No. 33.)  His request was granted, and the case was administratively closed on March 8, 2021.  (ECF No. 41.) On September 29, 2021, and while the case was still closed, Plaintiff filed a Motion for Temporary Restraining Order, which was denied on December 13, 2021.  (ECF Nos. 54, 65.)  After more than a year passed without Plaintiff filing a motion to reopen this case, an Order to Show Cause was issued on March 24, 2023.  (ECF No. 92.)  The Order stated that Plaintiff had failed to file a motion to reopen this case and, according to the DOC's inmate locator, it appeared that he was no longer incarcerated and had failed to file a notice of change of address.  Id.  Plaintiff was directed to respond to the Court's Order by April 7, 2023, or risk dismissal for failure to prosecute.  Id.  That Order was sent to Plaintiff's last known address of record, SCI-Greene, but was returned as

1

undeliverable with a notation that Plaintiff was no longer in DOC custody.  (Staff note dated 03/29/2023.)  As of today, the Court has received nothing from Plaintiff.

**B.  <u>Standard</u>**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order."  <u>Qadr v. Overmyer</u>, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) *(per curiam)* (citing Fed. R. Civ. P. 41(b)); *see also* <u>Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'"  <u>Qadr v. Overmyer</u>, No. 15-3090, 642 F. App'x 100 at 103 (quoting <u>Briscoe</u>, 538 F.3d at 258).  Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'"  <u>Id</u>.  (quoting <u>Briscoe</u>, 538 F.3d at 258).

In <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted).  In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).  The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort."  Poulis, 747 F.2d at 867-68, 869 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome."  Hildebrand, 923 F.3d at 132.

## C. **Application of the *Poulis* Factors**

### 1. **The extent of the party's personal responsibility.**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."  Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility."  Hildebrand, 923 F.3d at 133 (citing Poulis, 747 F.2d at 868).  A plaintiff is not conjecturally responsible for her counsel's delay.  Id.  Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'"  Id. at 138 (quoting Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002)).

Plaintiff is proceeding *pro se*, so it is his responsibility to comply with orders and keep current his address of record.  Thus, this factor weighs in favor of dismissal.

### 2. **Prejudice to the adversary.**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. Hildebrand, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" Id. (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. Id. (citation omitted).

Here, the ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner. Thus, this factor weighs marginally in favor of dismissal.

### 3. **A history of dilatoriness.**

A history of dilatoriness is generally established by repeated "delay or delinquency." Adams, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. Hildebrand, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. Adams, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. " Id. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" Hildebrand, 923 F.3d at 135 (quoting Adams, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. Id.

While Plaintiff does not have a history of dilatoriness, Plaintiff never moved to reopen these proceedings and failed to update his address after he was released from DOC custody. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

### 4. **Whether the party's conduct was willful or in bad faith.**

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." Id. (citing Scarborough, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' id. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." Hildebrand, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." Id. at 136.

There is no indication on this record that Plaintiff's failure to file a motion to reopen or to update his address was the result of any excusable neglect. Therefore, this factor weighs in favor of dismissal.

### 5. **Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." Id. (citing Briscoe, 538 F.3d at 262). The court should also provide an analysis

of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." <u>Id</u>.   In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." <u>Poulis</u>, 747 F.2d at 866 (citations omitted).  "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." <u>Hildebrand</u>, 923 F.3d at 136.  They are not required to be "completely ameliorative." <u>Id</u>.

Plaintiff is proceeding *in forma pauperis* in this case so it is unlikely that any sanction imposing costs or fees upon him would be effective.  Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

### 6.  <u>Meritoriousness of claim or defense.</u>

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" <u>Adams</u>, 29 F.3d at 876.  The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a <u>Poulis</u> analysis. <u>Id</u>. at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief."  As explicated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also* <u>Covington v. Int'l Ass'n of Approved Basketball Officials</u>, 710 F.3d 114, 117-18, (3d Cir. 2013).

<u>Thompson v. Real Estate Mortg. Network</u>, 748 F.3d 142, 147 (3d Cir. 2014).

6

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g.,* Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

In his Amended Complaint, Plaintiff alleges that he slipped and fell on the steps outside of SCI Laurel Highlands on the evening of December 12, 2017.  He alleges that it was snowing at the time, and he was handcuffed and shackled.  He states that while attempting to walk up the steps that lead to the reception area, he slipped on the ice and sludge and the chain of the shackle got tangled up on the heel of his boot.  He states that this caused him to fall, and he landed hard on the concrete steps, injuring him.  He claims that the defendants failed to take action to prevent the dangerous conditions posed by the ice and sludge on the steps and also failed to ensure that he was provided with medical attention after his fall, all in violation of his constitutional rights.

It appears that Plaintiff's allegations primarily sound in negligence and do not rise to the level of a constitutional violation.  As such, this factor, too, weighs in favor of dismissal.

Given that the majority of the Poulis factors weigh in favor of dismissal, the Court will dismiss this action for Plaintiff's failure to prosecute.  An appropriate Order follows.

## **ORDER**

AND NOW, this 16th day of June, 2023, IT IS HEREBY ORDERED that this case is

dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Stephanie L. Haines
United States District Judge

Cc:    Andre Gay
       AF4377
       SCI Greene
       175 Progress Dr.
       Waynesburg, PA  15370

       Counsel for Defendants
       (Via CM/ECF electronic mail)